**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DAREK KITLINSKI,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DRUG ENFORCEMENT ADMINISTRATION,**<br><br>**Defendant.** | ) | **Case No. 25-cv-2060 (APM)** |

# MEMORANDUM OPINION

## I. INTRODUCTION

Plaintiff Darek J. Kitlinski, proceeding *pro se*, submitted a request under the Freedom of Information Act (FOIA) to Defendant Drug Enforcement Administration (DEA) seeking electronic communications about him. The agency determined his request was overbroad and closed it administratively, prompting Plaintiff to file this action. The DEA now moves for summary judgment, asserting that Plaintiff failed to exhaust administrative remedies before filing suit. For the reasons explained below, the court agrees and grants the DEA's motion.

## II. BACKGROUND

On June 16, 2025, Plaintiff submitted a records request to the DEA for all electronic communications referencing "Kitlinski" or "known or suspected aliases, euphemisms, or code words" during various time frames from certain named current and former DEA employees. Compl., ECF No. 1 [hereinafter Compl.], ¶ 6; Compl., Ex. A, ECF No. 1-1, at 2–4.[1] Two days

[1] Page references to the complaint's exhibits are to the CM/ECF page numbers.

later, the DEA issued a letter of decision declining to perform a search. The letter explained that the request was "overly broad and [did] not comport with the Department of Justice rules, contained at 28 C.F.R. § 16.3(b)," failed to describe the records with sufficient specificity, and would require the agency to "expend significant resources" to parse through an "extraordinary number" of potentially responsive records. Compl. ¶ 8; Compl., Ex. B, ECF No. 1-1 [hereinafter Agency Ltr.], at 8–9. The letter further informed that the DEA had administratively closed the FOIA request, provided contact information for the agency's FOIA Public Liaison, and advised Plaintiff of his right to file an administrative appeal if he disagreed with the determination. Agency Ltr. at 9.

Plaintiff responded the same day, defending the specificity of his request. Compl. ¶ 10; Compl., Ex. C, ECF No. 1-1 [hereinafter Pl.'s Resp. Ltr.], at 13–16. He asserted that "my request clearly identifies (1) the category of records sought (electronic communications), (2) the relevant custodians, (3) date ranges, and (4) specific search terms . . ." *Id.* at 13. He also protested the administrative closure. Pl.'s Resp. Ltr. at 14–15. Arguing that the agency's response constituted final agency action that immediately exhausted his administrative remedies, Plaintiff advised that he intended to file suit if the DEA did not reopen and begin processing the request. *Id.* The agency did not reply. Plaintiff did not administratively appeal the agency's determination. *See* Decl. of Angela Davis, ECF No. 16-3, ¶ 8.

Two weeks later, on June 30, 2025, Plaintiff filed this action. *See generally* Compl. The DEA now moves for summary judgment on the sole ground that Plaintiff failed to exhaust administrative remedies before filing suit. *See* Def.'s Mot. for Summ. J, ECF No. 16 [hereinafter Def.'s Mot.], Def.'s Mem. in Supp. of Def.'s Mot., ECF No. 16-1, at 2–3.

## III. LEGAL STANDARD

FOIA cases are typically resolved on motions for summary judgment. *See, e.g.*, *Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011). Summary judgment is warranted where the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In a FOIA action, the Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations that describe "the justifications for nondisclosure [of records] with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). The Court reviews the agency's decisions *de novo*, and the agency bears the burden of sustaining its action. 5 U.S.C. § 552(a)(4)(B).

## IV. DISCUSSION

Before coming to court, a FOIA requester generally must exhaust administrative remedies, so that the agency has "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir 1990). This requirement is not jurisdictional, but failure to exhaust may still bar judicial review if both "'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar." *Hidalgo v. FBI*, 344 F.3d 1256, 1258–59 (D.C. Cir. 2003) (quoting *Oglesby*, 920 F.2d at 61). The D.C. Circuit has held that allowing FOIA requesters to seek judicial review without the benefit of agency consideration undercuts the purposes of exhaustion, and "FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review." *Id.* at 1259.

Plaintiff does not dispute that he failed to exhaust his administrative remedies. Instead, he advances two primary arguments. First, he argues that he was not required to exhaust because the agency closed his request "without engaging him at all." Pl.'s Opp'n to Def.'s Mot., ECF No. 17 [hereinafter Pl.'s Opp'n], at 2–3. Second, he asserts that, because the agency never "substantively acted upon the FOIA request" by, for example, conducting a search, the exhaustion requirement never "triggered in the first place." *Id.* at 3. Neither argument is convincing.

A timely statutory determination about a request, *see* 5 U.S.C. § 522(a)(6)(A)(i), triggers the exhaustion requirement. *See Oglesby*, 920 F.2d at 65. "A response is sufficient for purposes of requiring an administrative appeal if it includes: the agency's determination of whether or not to comply with the request; the reasons for its decision; and notice of the right of the requester to appeal to the head of the agency if the initial agency decision is adverse." *Id.* Plaintiff does not challenge the timeliness or substance of the DEA's determination.

Rather, he relies on 28 C.F.R. § 16.3(b) for the proposition that "DOJ components may not deny or close a request as unclear without first providing notice and an opportunity to confer." Pl.'s Opp'n at 2–3. But even if that reading is correct, Section 16.3(b) does not address exhaustion. It provides that "the component shall inform the requester what additional information is needed or why the request is otherwise insufficient," if it "determines that [the request] does not reasonably describe the records sought." 28 C.F.R. § 16.3(b). The rule further states that "[r]equesters who are attempting to reformulate or modify such a request may discuss their request with the component's designated FOIA contact, its FOIA Public Liaison, or a representative of the Office of Information Policy ('OIP'), each of whom is available to assist the requester in reasonably describing the records sought." *Id.* Section 16.3(b) thus requires an agency to give notice when it

deems a request insufficient and grants the requester an opportunity to modify their request. It says nothing about excusing exhaustion.

The authorities cited by Plaintiff also do not help him. None address the exhaustion requirement. *See* Pl.'s Opp'n at 2–3 (citing *Parker v. U.S. Dep't of Justice*, 852 F. Supp. 2d 1, 14 (D.D.C. 2012) (holding that the agency failed to comply with Section 16.3(b) but not excusing exhaustion); *Charles v. United States*, No. 21-cv-1983 (BAH), 2022 WL 951242, at *6–7 (D.D.C. Mar. 30, 2022) (same); and *Anand v. HHS*, No. 21-cv-1635 (CKK), 2023 WL 2646815, at *13–14 (D.D.C. Mar. 27, 2023) (refusing to consider argument that request was vague when the agency failed to follow its own procedure allowing the requester to narrow the scope of the request)). Indeed, in two of them, the plaintiff exhausted administrative remedies before coming to court. *See Parker*, 852 F. Supp. 2d at 5–6 (requester administratively appealed responses to FOIA requests); *Charles*, 2022 WL 951242, at *8–9 (exhaustion of Privacy Act claim). Exhaustion is nowhere mentioned in the third. *See generally Anand*, 2023 WL 2646815.

"[T]he purposes and policies underlying the exhaustion requirement" are "to prevent premature interference with agency processes, to give the parties and the courts benefit of the agency's experience and expertise and to compile an adequate record for review." *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004). Here, Plaintiff's premature suit prevented the DEA from considering the scope of § 16.3(b), assessing whether its response ran afoul of the regulation, and course-correcting if it did. A claimed "shortfall" of an initial FOIA determination "is paradigmatic of the type of problem that an administrative appeal is particularly suited to resolve." *Khine v. U.S. Dep't of Homeland Sec.*, 943 F.3d 959, 968 (D.C. Cir. 2019). Accordingly, the court cannot excuse Plaintiff's failure to exhaust. *See id.*; *see also DeBrew v. Atwood*, 792 F.3d 118, 124 (D.C. Cir. 2015). The DEA is therefore entitled to summary judgment.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment, ECF No. 16, is granted. Plaintiff's Motion for Leave to File, ECF No. 20, is denied.

Dated: September 29, 2026

Amit P. Mehta
United States District Judge